# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rhonda Hill Wilson, Esquire | : | |
| and | : | |
| The Law Office of Rhonda Hill Wilson, P.C. | : | |
| Plaintiffs, | : | |
| v. | : | |
| The Hartford | : | CIVIL ACTION NO. _____ |
| Hartford Fire Insurance Company | : | |
| The Hartford Casualty Company | : | |
| and | : | |
| USI Insurance Services, LLC | : | |
| and | : | |
| USI Affinity Colburn Insurance Service | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Defendants The Hartford, Hartford Fire Insurance Company and Hartford Casualty Insurance Company ("Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to the United States District Court for the Eastern District of Pennsylvania the case captioned <u>Rhonda Hill Wilson, Esquire and the Law Office of Rhonda Hill Wilson, P.C. v. The Hartford, Hartford Fire Insurance Company, The Hartford Casualty Company and USI Insurance Services, LLC and USI Affinity Colburn Insurance Service</u>, Civil Action No. 200600877, Pennsylvania Court of Common Pleas,

Philadelphia County. Defendant USI Insurance Services, LLC consents to the removal of this action.[1]

In support of removal, Defendants show the following:

## INTRODUCTION

1. On or about June 15, 2020, Plaintiffs, Rhonda Hill Wilson, Esquire ("Wilson") and The Law Office of Rhonda Hill Wilson, P.C. ("Office" and collectively, "Plaintiffs"), instituted suit by filing a Civil Action Complaint against Defendants in the Pennsylvania Court of Common Pleas, Philadelphia County, assigned as Case No. 200600877. A copy of the Complaint is attached hereto as **Exhibit "A"**, as required by 28 U.S.C. § 1446(a). No other documents have been served on Defendants.

2. On or about June 22, 2020, Defendants were served with the Complaint, which initial pleading set forth the claim for relief upon which the action was based.

3. Plaintiffs allege that they have an insurance policy with Defendants, obtained through agents USI, that provides indemnity for certain losses. Compl. ¶ 5. Plaintiffs allege that they have incurred "substantial lost business income and other financial losses" as a result of COVID-19 and certain governmental orders described in the Complaint, that Defendants and USI entities took in Plaintiffs' premiums, and that Defendants rejected Plaintiffs' claims. Compl. ¶¶ 6.

4. Plaintiffs seek monetary and nonmonetary relief, including a declaratory judgment that Defendants owe them a duty of indemnity for the losses described in the Complaint, as well as attorneys' fees and punitive damages. Compl. at 11-12, 15, 17, 18, 19, 21, 22.

---

[1] July 8, 2020 Declaration of John R. Sorrentino, Asst. General Counsel of USI Ins. Services, LLC ¶ 4 (Sorrentino Decl.), attached hereto as **Exhibit "B"**.

**BASIS OF REMOVAL**

5. This case is properly removable to federal court because it involves a controversy among citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs. *See* U.S.C. §§ 1332, 1441, and 1446.

**A.     Citizenship**

6. Plaintiff Wilson owns a residence in Pennsylvania[2]; is registered to vote in Pennsylvania, with a polling station assigned near the residence[3]; and is a licensed attorney in Pennsylvania, with an office in Pennsylvania.[4] Plaintiff Wilson is a citizen of Pennsylvania.

7. Plaintiff Office, is a Pennsylvania professional corporation[5] "which at all times relevant hereto was located and operating at Suite 820, Two Penn Center, 1500 John F. Kennedy Boulevard and doing the business of law in the City and County of Philadelphia, Commonwealth of Pennsylvania." Compl. ¶ 1. Plaintiff Office is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c).

8. Plaintiffs name "The Hartford" as a defendant, but "The Hartford" does not exist as a legal entity and therefore has no citizenship.[6] *See Gentry v. Sikorsky Aircraft Corp.,* 383 F. Supp. 3d 442, 453-54 (E.D. Pa. 2019) (holding that a corporation's registration of a fictitious name

---

[2] *See* records for Rhonda Hill Wilson, Esquire, collectively attached hereto as **Exhibit "C"**.

[3] *See id*.

[4] *See* The Disciplinary Board of the Supreme Court of Pennsylvania, *Wilson, Rhonda Hill*, LOOK UP AN ATTORNEY, *available at* https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/34813 (last visited July 8, 2020); Compl. ¶ 1.

[5] *See* Pennsylvania Department of State, *LAW OFFICE OF RHONDA HILL WILSON, A PROFESSIONAL CORPORATION*, SEARCH BUSINESS ENTITY, *available at* https://www.corporations.pa.gov/search/corpsearch (last visited July 8, 2020).

[6] *See Legal Notice*, THE HARTFORD, https://www.thehartford.com/legal-notice (last visited July 9, 2020).

"does not make the fictitious name a real and substantial party," and that the fictitious name is irrelevant to corporate citizenship). In any event, Plaintiffs allege that the purported citizenship of the non-existent entity is Delaware and Connecticut. *See* Compl. ¶ 2. Neither of the alleged states of citizenship for the non-existent entity is Pennsylvania, so non-existent entity "The Hartford" does not present a problem for the diversity jurisdiction of this Court. *See* 28 U.S.C. § 1332(c).

9. Hartford Casualty Insurance Company is incorporated in and has a domicile in Indiana and has its principal place of business in Connecticut.[7] As such, Hartford Casualty Insurance Company is a citizen of Indiana and Connecticut, not Pennsylvania, for diversity purposes. *See* 28 U.S.C. § 1332(c).

10. The Complaint lists Hartford Fire Insurance Company in the caption of the Complaint, but makes no mention of it in the body of the Complaint. *Compare* Compl. at 1, 3, *with* Compl. ¶ 2. Hartford Fire Insurance Company is incorporated in and has its principal place of business in Connecticut.[8] As such, Hartford Fire Insurance Company is a citizen of Connecticut, not Pennsylvania, for diversity purposes. *See* 28 U.S.C. § 1332(c).

11. Plaintiffs allege that USI Insurance Services, LLC is a "corporation" that is "located" in New York and is "authorized to do business" in Pennsylvania. Compl. ¶ 3. USI Insurance Services, LLC is not a corporation, but a limited liability company, registered in Delaware.[9] "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). USI Insurance Services, LLC is

---

[7] *See id*.

[8] *See id.*

[9] *See* Sorrentino Decl. ¶ 5; *see also* Delaware Department of State, *USI INSURANCE SERVICES LLC*, SEARCH BUSINESS ENTITY, *available at* https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited July 8, 2020).

4

a single member LLC whose single member is USI, Inc.[10]  USI, Inc. is incorporated in Delaware and its principal place of business is New York.[11]  USI Insurance Services, LLC is therefore a citizen of Delaware and New York, not Pennsylvania, for diversity purposes.  *See* 28 U.S.C. § 1332(c).

12.    Plaintiffs also name USI Affinity Colburn Insurance Service as a Defendant.  Compl. ¶ 4.  Plaintiffs allege that USI Affinity Colburn Insurance Service is "located" and "authorized to do business" in Pennsylvania.  Compl. ¶ 4.  This allegation is inadequate for jurisdictional purposes.  *See McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (highlighting the need to identify the state of incorporation and principal state of business rather than "mere residency in a state", which "is insufficient for purposes of diversity [of citizenship].") (internal citation omitted).  More importantly, there is no legal entity known as USI Affinity Colburn Insurance Service.[12]  The names "Colburn" and "Colburn USI" were "used years ago" by USI Insurance Services, LLC after an acquisition made by USI Insurance Services, LLC.[13]  USI Affinity is a current trade name or a "doing business as" name, which is used in a segment of the insurance market by USI Insurance Services, LLC.[14]  Since USI Affinity Colburn Insurance Services and USI Affinity do not exist as legal entities, they have no citizenship and are not citizens of Pennsylvania for diversity purposes.  *See Gentry v. Sikorsky Aircraft Corp.,* 383 F. Supp. 3d at 453-54.

---

[10] Sorrentino Decl. ¶ 6

[11] *Id.*

[12] *Id.* ¶ 2.

[13] *Id.*

[14] *Id.* ¶ 3.

**B.     Amount in Controversy**

13.     Plaintiffs are an attorney and a law office that "has been established and doing the business of law since 1994." Compl. ¶ 1. Plaintiffs allege that the law practice "was forced to close on or about March 19, 2020" due to a series of orders by state and local officials related to COVID-19 and, at the time of the filing of the complaint on June 15, 2020, "continue[d] to suffer substantial lost business income and other financial losses." Compl. ¶¶ 14, 41. Plaintiffs' Complaint does not seek to limit its damages below the jurisdictional threshold of this Court.

14.     Plaintiffs do not specify the exact amount of damages they are seeking, but assert on the state court civil cover sheet that the "amount in controversy" is "[m]ore than $50,000.00." **Ex. "A"** at 3. The Complaint alleges seven causes of action, including one declaratory judgment claim and six causes of action seeking monetary damages. Following each of the six separate causes of action seeking monetary damages, Plaintiffs state for each claim that they "demand judgment against Defendants in an amount in excess of $50,000.00, plus costs, interest, attorney fees, delay damages and such other relief as this Honorable Court may deem appropriate." Compl. at 15, 17, 18, 19, 21, 22. Further, under Count III, Plaintiffs' "Statutory Bad Faith Claim Pursuant to 42 PA. C. S. § 8371", Plaintiffs have a right to recover attorney fees and punitive damages if successful. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("Although 28 U.S.C. § 1332 excludes 'interest and costs' from the amount in controversy, attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action.").

15. When state practice does not permit demand for a specific sum or where nonmonetary relief is sought—both of which are true here—the notice of removal may assert an amount in controversy. *See* 28 U.S. Code § 1446(c)(2); *see also* Pa. R. Civ. P. 1021(b). Though the Complaint is silent as to an exact figure in controversy, Plaintiffs' six claims for monetary damages "in excess of $50,000" total "in excess of" $300,000 before the inclusion of possible attorneys' fees and punitive damages. Therefore, the amount in controversy is greater than $75,000.

**C.   Miscellaneous**

16. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state action is pending. The time within which Defendants are required to file this Notice of Removal in order to remove this cause to the Court has not yet expired.

17. Defendants will promptly file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, where the action is currently pending pursuant to 28 U.S.C. § 1446(d).[15]

**CONCLUSION**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants remove the case <u>Rhonda Hill Wilson, Esquire and the Law Office of Rhonda Hill Wilson, P.C. v. The Hartford, Hartford Fire Insurance Company, The Hartford Casualty Company and USI Insurance Services, LLC and USI Affinity Colburn Insurance Service</u>, Civil Action No. 200600877, Pennsylvania Court of Common

---

[15] Attached as **Exhibit "D"** is a copy of the Defendant's Notice of Filing of Notice of Removal to the Court of Common Pleas of Philadelphia County, which will be filed by Defendants in the pending State Action.

Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania, on this 10th day of July, 2020.

Respectfully submitted,

By: /s/ Richard D. Gable, Jr.
    Richard D. Gable, Jr.

BUTLER WEIHMULLER KATZ CRAIG, LLP
Bar No.: 65842
1818 Market Street
Suite 2740
Philadelphia, Pennsylvania 19103
Phone: 267-507-1410
rgable@butler.legal

Sarah D. Gordon
sgordon@steptoe.com
John J. Kavanagh
jkavanagh@steptoe.com
Chris Han
chan@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Phone: 202-429-8005
*Pro Hac Vice Applications Forthcoming*

*Attorneys for Defendants The Hartford,
Hartford Fire Insurance Company,
and Hartford Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal will be served upon counsel via the Court's Electronic Filing System.

Rhonda Hill Wilson
LAW OFFICE OF RHONDA HILL WILSON, P.C.
1500 John F. Kennedy Boulevard
Suite 820
Philadelphia, PA 19102
Phone: 215-972-0400

rhwilson@philly-attorney.com
*Attorney for Plaintiffs*

Christopher P. Leise
leisec@whiteandwilliams.com
WHITE AND WILLIAMS LLP
457 Haddonfield Rd Suite 400,
Cherry Hill, NJ 08002
Phone: 856-317-3646
*Attorney for Defendant USI Insurance Services LLC*

By: /s/ Richard D. Gable, Jr.___
 Richard D. Gable, Jr.

BUTLER WEIHMULLER KATZ CRAIG, LLP
State Bar No.: 65842
1818 Market Street, Suite 2740
Philadelphia, Pennsylvania 19103
Phone: 267-507-1410
rgable@butler.legal