**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Rhonda Hill Wilson, Esquire | : | |
| | : | |
| and | : | |
| | : | |
| The Law Office of Rhonda Hill Wilson, P.C.: | | |
| Suite 820 | : | No. 2:20-cv-03384 |
| 1500 John F. Kennedy Boulevard | : | |
| Philadelphia, PA. 19102 | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | |
| | : | |
| Hartford Casualty Insurance Company | : | |
| 8910 Purdue Road | : | |
| Indianapolis, Indiana 46268 | : | |
| | : | |
| and | : | |
| | : | |
| USI Insurance Services, LLC | : | |
| 555 Pleasantville Road | : | |
| Briarcliff Manor, New York 10510 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT IN CIVIL ACTION FOR DAMAGES,**
**DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

Plaintiffs Rhonda Hill Wilson, Esquire and The Law Office of Rhonda Hill Wilson, P.C.

file this Complaint against Hartford Casualty Insurance Company and their agent, the USI

Insurance Services LLC, and allege as follows:

1.      Plaintiff Rhonda Hill Wilson is an attorney and is the sole owner of the Law

Office of Rhonda Hill Wilson, P.C., which at all times relevant hereto was located and operating

at Suite 820, Two Penn Center, 1500 John F. Kennedy Boulevard and doing the business of law

-1-

in the City and County of Philadelphia, Commonwealth of Pennsylvania. The Law Office of
Rhonda Hill Wilson, P.C. has been established and doing the business of law since 1994 and
Rhonda Hill Wilson has been working at the law firm since that time.

2.      Hartford Casualty Insurance Company, hereinafter referred to as the Hartford
Defendant, an insurance company which is incorporated in the State of Delaware, with its
principal place of business located at 8910 Purdue Road, Indianapolis, Indiana 46268.

3.      Defendant USI Insurance Services, LLC, hereinafter known as the USI Defendant,
is a company located at 555 Pleasantville Road, Briarcliff Manor, New York 10510 and is
authorized to do business and/or transact the business and/or sale of insurance products in the
Commonwealth of Pennsylvania and the City and County of Philadelphia as a licensed property
insurance broker-agents and/or casualty insurance broker-agents of the Hartford Insurance
Companies.

5.      Prior to 2019, Plaintiffs obtained and maintained Spectrum Business Owner's
Policy No. 44 SBA TI8966 (the "Policy") from the Hartford Defendant through their agents, the
USI Defendant from which included business interruption coverage to protect its business and
owner/employees from business losses. Specifically, there was coverage under this policy for the
period of June 16, 2019 to June 16, 2020.  See Exhibit "A".

4.      In breach of the insurance contract and obligations, the USI Defendant and
Hartford Defendant took in Plaintiffs' annual premium payments, which Plaintiffs dutifully and
regularly paid, and The Hartford Defendant denied Plaintiffs' business loss insurance claims
arising from the interruption of Plaintiffs' business caused by the several governmental COVID
Closure Orders.

5.      The  Hartford Defendant denied the Plaintiffs' claims notwithstanding the plain language of the Policy, which provides coverage for such losses.

6.      The Policy provides coverage for, inter alia, loss of Business Income and Extra Expense Coverage and includes the following extensions that is coverage for loss due to actions of a Civil Authority, extended business income and coverage for fungi, bacteria and virus.

7.      On March 11, 2020, the World Health Organization (WHO) declared the outbreak a global pandemic.

8.      According to the WHO: "People can catch COVID- from others who have the virus. The disease can spread from person to person through small droplets from the nose or mouth which are spread when a person with COVID-19 coughs or exhales. These droplets land on objects and surfaces around the person. Other people can then catch COVID-19 by touching these objects or surfaces, then touching their eyes, nose or mouth. People can also catch COVID-19 if they breathe in droplets from a person with COVID-19 who coughs out or exhales droplets." Because the Coronavirus that causes COVID-19 is contained in and transmitted by droplets that land indiscriminately on the surfaces of property with potentially fatal consequences, it unquestionably causes physical damage and loss.

9.      On March 17, 2020, the New England Journal of Medicine, one of the world's leading peer-reviewed medical journals, published a study that describes severe acute respiratory syndrome coronavirus 2 (SARS-Co V-2) (the "Coronavirus"), the official name for the virus that causes COVID-19, as a virus that is transmitted by respiratory droplets that can be suspended in air for several hours. Over time, these droplets containing Coronavirus fall onto and can physically remain on surfaces, such as metal, glass, plastic, and wood, for several days. Persons

who touch  these surfaces, even days later, may become infected.

10.     COVID-19 is a deadly infectious disease caused by the recently discovered

Coronavirus known as SARS-CoV-2. It first emerged in or about December 2019. Because this

Coronavirus is highly transmissible, it has been and is rapidly spreading throughout the world,

including in the Commonwealth of Pennsylvania, the States of New Jersey and New York

11.     According to the U.S. Centers for Disease Control and Prevention ("CDC"):

"COVID-19 seems to be spreading easily and sustainably in the community ('community spread')

 in many affected geographic areas" in the United States.

12.     On or about March 19, 2020, the Law Office of Rhonda Hill Wilson, P.C

was forced to close the office because of a series of orders issued by the Mayor of the City and

County of Philadelphia, the Governor of the Commonwealth of Pennsylvania, the Supreme Court

of Pennsylvania and the President Judge of the Philadelphia Court of Common Pleas ("Closure

Orders"). The Closure Orders prohibited the operation of business that were not life sustaining in

the City and County of Philadelphia and in the Commonwealth of Pennsylvania and the Court of

the Commonwealth of Pennsylvania due to the  Corona virus Disease 2019 ("COVID-19")

pandemic. In addition, the functions of the Pennsylvania Court were closed unless there was

emergency business.

13.     The Civil Authority provision of the Policy's Special Property Coverage Form

reads, in pertinent part:  Civil Authority  (1) This insurance is extended to apply to the actual loss

of Business Income you sustain when access to your "scheduled premises" is specifically

prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property

in the immediate area of your "scheduled premises." The limit of coverage on this policy is 30

days of expenses of actual losses.

14.     There was a direct and actual loss to Plaintiffs as a result of the COVID or Corona Virus and there was a  Covered Cause of  Loss to property under the Policy, as the Coronavirus that was proliferating onto virtually every surface and object in, on, and around the building located at 1500 John F. Kennedy Boulevard, Philadelphia, Pennsylvania including Suite 820 and its surrounding environs was then causing, and is continuing to cause, direct physical damage and loss in and to the immediate area of Plaintiffs premises which are the "scheduled premises."

15.     While the Policy was in force, Plaintiffs sustained, and continue to sustain, losses due to the presence of COVID-19 at, in, on, and/or around Plaintiffs' premises described in the Policy.

16.     While the Policy was in force, Plaintiffs sustained and continue to sustain, losses due to the presence of COVID-19 on surfaces, furniture, merchandise, and/or other items of physical property located at Plaintiffs' premises described in the Policy and the premises that house the Plaintiffs' office.

17.     While the Policy was in force, Plaintiffs sustained, and continue to sustain, losses due to the spread of the COVID-19 in the community (the "Pandemic").

18.     While the Policy was in force, Plaintiffs sustained, and continue to sustain, losses due to the civil authority orders issued as set forth by Mayor of the City and County of Philadelphia, the Governor of the Commonwealth of Pennsylvania and the Supreme Court of Pennsylvania.

19.     COVID-19 can and does live on and/or remain contagious and active on floors, walls, furniture, desks, tables, chairs, countertops, computer keyboards, touch screens, cardboard

packages, clothing, fixtures, mobile phones, iPads, tablets, laptop computers, elevators and other items of physical property for a period of time.

20.    COVID-19 can be transmitted by way of human contact with surfaces and items of physical property on which COVID-19 particles are physically present.

21.    COVID-19 can be and has been transmitted by human to human contact and interaction at premises.

22.    The presence of any COVID-19 particles causes physical harm to property so as to impair its value, usefulness and/or normal function.

23.    The presence of COVID-19 renders property physically unsafe and unusable, resulting in the physical loss of the property.

24.    The presence of people infected with or carrying COVID-19 particles renders property in their immediate vicinity physically unsafe and unusable, resulting in the physical loss of the property.

25.  The State of Colorado issued a Public Health Order indicating that "COVID-19 ... ***physically contributes to property loss, contamination, and damage .. . "***.

26.  The City of New York issued an Emergency Executive Order in response to COVID-19 and the Pandemic, in part "because the virus physically is causing property loss and damage.".

27.    Broward County, Florida issued an Emergency Order acknowledging that COVID-19 "is physically causing property damage."

28.    The State of Washington issued a stay at home Proclamation stating the "COVID-19 pandemic and its progression ... remains a public disaster affecting

-6-

life, health, [and] property .. ".

29.     The State of Indiana issued an Executive Order recognizing that COVID-19 has the "propensity to physically impact surfaces and personal property." which is important since Defendant The Hartford Casualty Insurance Company is based in Indiana.

30.     The City of New Orleans issued an order stating "there is reason to believe that COVID-19 may spread amongst the population by various means of exposure, including the propensity to attach to surfaces for prolonged period of time, thereby spreading from surface to person and causing property loss and damage in certain circumstances.".

31.     The State of Illinois issued an Executive Order describing COVID-19' s "propensity to physically impact surfaces and personal property."

32.     The State of  North Carolina issued a statewide Executive Order in response to the Pandemic not only "to assure adequate protection for lives," but also to "assure adequate protection of... property ."

33.     COVID-19 and the Pandemic have caused and continue to cause direct physical loss of and damage to property.

34.     It is probable that COVID-19 particles have been present at Plaintiffs' building and  premises described in the Policy during the Policy period.

35.     It is probable that COVID-19 particles have been present on surfaces, furniture, and other items of physical property located at Plaintiffs' premises described in the Policy during the Policy period.

36.      It is probable that people infected with COVID-19 have been present at Plaintiffs' premises described in the Policy during the Policy period.

37.     It is probable that people carrying COVID-19 particles on or about their person have been present at Plaintiffs' premises described in the Policy during the Policy period.

38.     It is probable that airborne COVID-19 particles have been present at Plaintiffs' premises described in the Policy during the Policy period. The limit on this coverage for limited fungi, bacteria, or virus is $50,000.

39.     Plaintiffs have suffered the direct physical loss of items of physical property located at their premises described in the Policy as the result of the presence of COVID-19 particles and/or the Pandemic and/or the civil authority orders referenced herein and due to the Closure Orders, Plaintiffs have suffered and continue to suffer substantial lost business income and other financial losses.

40.     Plaintiff submitted a timely insurance claim(s) to Defendants on or about April 12, 2020, and the Defendants wrongfully failed to honor Plaintiffs' claim for business loss expenses.

41.     By letter dated the next day, April 13, 2020, the Hartford Defendant advised Plaintiffs, they had had "completed [its] investigation" and denied Plaintiffs coverage under the Policy.

        **WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount consistent with the Prayer for Relief.

**RHONDA HILL WILSON, ESQUIRE and THE LAW OFFICE OF RHONDA HILL WILSON, P.C. v. HARTFORD CASUALTY INSURANCE COMPANY and USI INSURANCE SERVICES, LLC.**
**DECLARATORY JUDGMENT ACT**

**COUNT I**

42.     Plaintiffs incorporate by reference Paragraphs 1-41 as if set forth at length herein.

43.     There is a dispute about whether Plaintiffs are entitled to coverage under the Policy for their losses sustained and to be sustained in the future. Accordingly, Plaintiffs are entitled to declaratory relief from this Court.

44. Plaintiffs are entitled to and demand a declaration pursuant to 42 Pa. C.S.A. § 7531 et seq. that:

> (1) Plaintiffs sustained a direct physical loss of and/or damage to property at its premises described in the Policy as a result of COVID-19 and/or the Pandemic;
>
> (2) the presence of the COVID-19 virus is a covered cause of loss under the Policy;
>
> (3) the Pandemic is a covered cause of loss under the Policy;
>
> ( 4) the losses incurred by Plaintiff as the result of the orders issued by the Mayor of Philadelphia, Governor of Pennsylvania, the Pennsylvania Supreme Court and the President Judge of the Philadelphia Court of Common Pleas are covered losses under the Policy as Orders of Civil Authorities;
>
> (5) Defendants have not and cannot prove the application of any exclusion or limitation to the coverage for Plaintiffs losses alleged herein;
>
> (6) Plaintiffs are entitled to coverage for its past, present and future Business Income loss(es) and Extra Expense resulting from the COVID-19 virus and/or the Pandemic for the time period set forth in the Policy;
>
> (7) Plaintiffs have coverage for any substantially similar civil authority order in the future that limits or restricts access to Plaintiffs' premises; and

(8) any other issue that may arise during the course of litigation that is a proper

issue on which to grant declaratory relief.

WHEREFORE, Plaintiffs seek judgment against the Defendants, as set forth above, plus

interest, costs, and attorney fees as allowed by law.

**RHONDA HILL WILSON, ESQUIRE and THE LAW OFFICE
OF RHONDA HILL WILSON, P.C. v. HARTFORD CASUALTY INSURANCE
COMPANY and USI INSURANCE SERVICES, LLC.
<u>BREACH OF CONTRACT</u>**

<u>COUNT II</u>

45.      Plaintiffs hereby incorporates by reference Plaintiffs' paragraphs 1 through 44 of

the  Plaintiffs' Complaint as if same were set forth at length herein.

46.      At all times relevant hereto, there existed a valid contract by and between

Plaintiffs and the Hartford Defendant. See Exhibit "A" Insurance Contract.

47.      At all times relevant, Plaintiffs have paid all premiums and performed all its

obligations under the Policy.

48.      Defendants have a contractual duty to provide Plaintiffs with insurance coverage

under specified provisions of the Policy, as alleged by Plaintiffs herein. For monies paid,

Plaintiffs were entitled to recover from Defendants losses incurred.

49.      As noted above, the Civil Authority provision of the Policy makes clear that

"[t]his insurance is extended to apply to the actual loss of Business Income you  sustain
when access to your 'scheduled premises' is specifically prohibited by order of a civil
authority as the direct result of a Covered Cause of Loss to property in the immediate area
of your 'scheduled premises.'" Policy, Special Property Coverage Form § A.5.q.

50.      Policy also expressly provides coverage to pay for lost business income,

regardless of whether the loss was the result of a civil authority order. The Policy states, in

pertinent part:

    o. Business Income

    (1) We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or physical damage to property at the "scheduled premises", including personal property in the open ( or in a vehicle) within 1,000 feet of the "scheduled premises", caused by or resulting from a Covered Cause of Loss.

    (4) Business Income means the:

    * * *

    (a) Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no direct physical loss or physical damage had occurred; and (b) Continuing normal operating expenses incurred, including payroll.

    (5) With respect to the coverage provided in this Additional Coverage, suspension means:

        (a) The partial slowdown or complete cessation of your business activities . . ..
        Policy, Special Coverage Property Form § A.5.o.

51.     As a result of the March 19, 2020 Orders and the Orders thereafter, Plaintiffs shut down their business and filed a claim for business interruption with Hartford. Plaintiffs' claim was denied.

52.     Plaintiffs' insurance Policy covers the extraordinary losses experienced by Plaintiffs and its employees during this crisis. The Policy specifically includes "Civil Authority" coverage for business interruptions caused by "order of a civil authority," "Lost Business Income & Extra Expense Coverage," "Extended Business Income" coverage, and "Business Income Extension for Essential Personnel" coverage, as well as "Limited Fungi, Bacteria, Or Virus Coverage," which is limited to $50,000.

53.     On or about April 12, 2020, Plaintiffs filed a claim with Hartford requesting

coverage under the Policy in connection with the lost Business Income due to the Closure Orders and the damage  caused by the presence of the Coronavirus in and around the Insured Premises.

54.     On April 13, 2020, Hartford issued written correspondence to Plaintiffs stating that it was denying the claim without any inspection or review of the Premises or without regard to the cause of harm to the Plaintiffs.

55.     On information and belief, the Hartford Defendant and the USI Defendant accepted the Policy premiums paid by Plaintiffs with no intention of providing any coverage under the Civil Authority and other provisions providing coverage for losses from closure orders issued by civil authorities and from a virus.

56.     Failure on the part of the Defendants to pay for the losses sustained by the Plaintiffs constitutes a breach of contract.

57.     Plaintiffs are further entitled to delay damages and interest due to the breach of contract by Defendants, whereby Plaintiffs were entitled to the recovery of benefits due to the COVID pandemic.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount consistent with the Prayer for Relief.

**RHONDA HILL WILSON, ESQUIRE and THE LAW OFFICE**
**OF RHONDA HILL WILSON, P.C. v. HARTFORD CASUALTY INSURANCE**
**COMPANY and USI INSURANCE SERVICES, LLC.**
**INJUNCTIVE RELIEF**

**COUNT VII**

58.     Plaintiffs hereby incorporates by reference Plaintiffs' paragraphs 1 through 57 of the  Plaintiffs' Complaint as if same were set forth at length herein.

59.     Upon information and belief, Plaintiffs allege that, unless enjoined by order of the Court, Defendants will continue to operate their companies for their sole benefit and to the detriment of Plaintiffs. No adequate remedy exists at law for the injuries alleged herein, and Plaintiffs will suffer great and irreparable injury if Defendants' conduct is not immediately enjoined and restrained.

60.     Defendants wrongfully denied Plaintiffs' insurance claim based on erroneous interpretations of the Policy, in order avoid their financial obligations to Plaintiffs thereunder.

61.     Given the likely extended time period of the regional presence of the Coronavirus and COVID-19 cases, such as the Court of Common Pleas of Philadelphia County likely closure to the public until September 2020 and the likely continued effect of the Closure Orders, Plaintiffs will almost certainly have similar insurance claims in the future, and Defendants will almost certainly apply the same or similar erroneous interpretations of the Policy to wrongfully deny coverage.

62.     If Defendants' conduct in this manner is not restrained and enjoined, Plaintiffs will suffer great and irreparable harm, as it has already paid for the Policy in full, and Defendants seem committed to continuing their unfair and unlawful business practices of erroneously denying Plaintiffs' claims.

63.     Defendants will continue to act in their own self-interest and to commit the acts that have damaged Plaintiffs, and that continue to do so.

64.     Plaintiffs have no adequate remedy at law for the threatened injury.

**WHEREFORE**, Plaintiffs demand judgment against Defendants in an amount consistent with the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgement in their favor against Defendants, as follows:

A.     For a declaration adopting each of Plaintiffs' contentions set forth in the above Cause of Action for Declaratory Relief;

B.     For injunctive relief enjoining and restraining Defendants' unlawful conduct as alleged herein, including but not limited to their unfair and unlawful business practices and their wrongful denials of coverage under the Policy;

C.     For damages not in excess of $70,000;

D.     For Plaintiffs' cost of suit;

E.     For Plaintiffs' reasonable attorney's fees incurred in this action pursuant to statute;

F.     For pre-judgement interest on all other interest to which Plaintiffs are entitled; and

G.     For such other relief as the Court may deem proper.

The Law Offices of Rhonda Hill Wilson, P.C.

Dated:   July 14, 2020

**Rhonda Hill Wilson, Esquire**
Attorney ID #: 34813

-14-

<u>**CERTIFICATE OF SERVICE**</u>

I, Rhonda Hill Wilson, Esquire, hereby certify that on this 14th day of July, 2020,

a copy of the foregoing **Plaintiff's First Amended Complaint** has been served upon all

counsel of record via the Court's Electronic Filing System and via USPS Fist Class Mail

at the following address:

Richard D. Gable, Esquire
Butler, Weihmuller, Katz, Craig, LLP
1818 Market Street, Suite 2740
Philadelphia, PA 19103

Sarah D. Gordon, Esquire
John J. Kavanagh, Esquire
Chris Han, Esquire
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Christopher P. Leise, Esquire
White and Williams, LLP
457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002

Rhonda Hill Wilson, Esquire
Attorney for Plaintiffs